UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PERRY PARCHMONT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-9056** |
| **COMPLETE LOGISTICAL SERVICES, LLC, ET AL.** | **SECTION: "H" (4)** |

## ORDER AND REASONS

Before the Court is Defendants' Joint Motion for Partial Summary Judgment Regarding Plaintiff's Claim for Maintenance and Cure (Doc. 29). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This is a maritime personal injury suit. Plaintiff, Perry Parchmont, alleges that while working on board a vessel, he suffered injuries to his neck and back when he moved a "lift bag" across the deck of the vessel.[1] Seeking damages from his employers, Defendants Complete Logistical Services, LLC, and Oceaneering International, Inc., Plaintiff asserts claims for Jones Act negligence, unseaworthiness, and maintenance and cure.[2]

Defendants move this Court for summary judgment on Plaintiff's maintenance and cure claim pursuant to *McCorpen v. Central Gulf S.S. Corp.*[3] Defendants assert that when he was hired, Plaintiff did not disclose certain

---

[1] As Defendants explain, "[a] lift bag is a canvas bag fitted with nylon straps and is used to provide 'lift' to objects in a subsea environment. The bags are attached to subsea objects and inflated with air, thereby providing buoyancy (lift) to the object." Doc. 29-1 at 4 n.25.
[2] Doc. 1; Doc. 5.
[3] 396 F.2d 547 (5th Cir. 1968).

1

pre-existing injuries. Defendants argue that this alleged concealment should bar his recovery of maintenance and cure.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[6] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[7] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[8] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[9] "We do not . . . in the absence

---

[4] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[5] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[6] Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[7] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[8] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[9] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

of any proof, assume that the nonmoving party could or would prove the necessary facts."[10] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[11]

## LAW AND ANALYSIS

Defendants contend that Plaintiff is not entitled to maintenance and cure for his alleged neck and back injuries because he failed to disclose several prior neck and back injuries upon being hired in January 2018. Defendants explain that in 2012, while working for Hornbeck Offshore Services, Inc., Plaintiff suffered an injury to his lower back. At his deposition, Plaintiff testified about this injury, calling it a "muscle spasm" and saying it caused "some heavy pain."[12] In 2015, Plaintiff was in a car accident that totaled his car and resulted in injuries to his neck and back.[13] In January 2017, Plaintiff went to the emergency room over pain that began in his neck and radiated

---

[10] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[11] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[12] Doc. 29-2 at 5–6.
[13] Doc. 29-1 at 2; Doc. 29-2 at 16; Doc. 34-1 at 1. At his deposition, Plaintiff testified that he was not injured in the car accident but felt only "a little discomfort" in his neck. Doc. 29-2 at 16. His medical records, however, establish otherwise. One doctor who saw him days after the injury wrote that "[a]fter a few days of continued pain the patient decided to seek treatment at this office for his injuries." Doc. 29-5 at 1. Plaintiff complained to the doctor of pain in his lower back. *Id.* The records further show that Plaintiff began chiropractic therapy and then saw another doctor. *See* Doc. 29-6 at 1. He complained of "severe low back pain." *Id.* In the medical records, this doctor wrote as follows:

> It is my medical opinion the below posttraumatic diagnoses are causally related to the accident that occurred on 04/21/2015:
> 1. Posttraumatic lumbar pain.
> 2. Posttraumatic facet arthropathy.
> 3. Posttraumatic muscle spasms.
> 4. Posttraumatic memory difficulties.

*Id.* at 2.

down his left arm.[14] In February 2017, he saw another doctor about his neck pain, and an MRI found a "[d]isc herniation at C6-C7." [15] In April 2017, Plaintiff then sought more treatment for his back pain.[16] In his records from this visit, the doctor writes that Plaintiff presented with "low back pain which was brought on after cutting tree limbs and dragging them to the road."[17] For the remainder of 2017, Plaintiff received even more treatment for his neck and back injuries.[18]

"An employer owes damages for maintenance and cure to any seaman who suffers injury during his employment on a vessel, regardless of fault."[19] The obligation of a shipowner to pay maintenance and cure is "deep-rooted in maritime law and is an incident or implied term of a contract for maritime employment." [20] In the *McCorpen* case, however, the Fifth Circuit held that an employer is relieved of this obligation when the seaman knowingly or fraudulently conceals a pre-existing illness from the shipowner.[21] To prevail on the *McCorpen* defense, "an employer must show that (1) the claimant intentionally misrepresented or concealed medical facts; (2) the non-disclosed facts were material to the employer's decision to hire the claimant; and (3) a connection exists between the withheld information and the injury complained of in the lawsuit."[22]  This Court will address each element in turn.

---

[14] Doc. 29-2 at 18 (testifying about this visit to the emergency room).
[15] Doc. 29-7 at 11 ("PT STATES HE'S HAVING A LOT OF PAIN IN HIS NECK."). *Id*. at 14.
[16] *See* Doc. 29-8 at 6.
[17] *Id*.
[18] *See* Doc. 29-9; Doc. 29-7. *See also* Doc. 29-2 at 19 (testifying about a back injury in September 2017).
[19] Foret v. St. June, LLC, Civil Action No. 13–5111, 2014 WL 4539090, at *2 (citing Johnson v. Cenac Towing, Inc., 544 F.3d 296, 301 (5th Cir.2008)).
[20] McCorpen v. Cent. Gulf S. S. Corp., 396 F.2d 547, 548 (5th Cir. 1968).
[21] *Id*.
[22] Brown v. Parker Drilling Offshore Corp., 410 F.3d 166, 171 (5th Cir. 2005).

4

### (1) Intentional Concealment

Where, as here, the seaman was not required to undergo a pre-employment physical or medical interview, "the rule is that a seaman must disclose a past illness or injury only when in his own opinion the shipowner would have considered it a matter of importance."[23] "This Court has recognized that in determining whether a seaman is of the opinion that elements of his medical history are considered material by his employer, consideration should be given to his employment history."[24] When a plaintiff has extensive experience in the industry, he "should be familiar with expectations of potential employers regarding the disclosure of past medical history."[25] Notably, to satisfy the "intentional concealment" prong of the *McCorpen* defense, the Court need not make a finding of subjective intent.[26]

Plaintiff Parchmont began working offshore in 2001.[27] In the ten years preceding his employment with Defendants, Plaintiff was consistently employed by maritime companies.[28] Plaintiff, therefore, should have known that employers in the industry would be interested in learning of his pre-existing back and neck injuries.[29] Indeed, in his briefing, Plaintiff explains that before beginning a job in June 2017, he underwent a physical examination and was asked about his medical history.[30] Further, Plaintiff specifically testified that maritime employers "want to know your medical history."[31] Based on this, the Court finds that Defendants have established intentional concealment.

---

[23] *McCorpen*, 396 F.2d at 548.
[24] *Foret*, 2014 WL 4539090, at *4 (citing Kathryn Rae Towing, Inc. v. Buras, No. 11–2936, 2013 WL 85210, at *4 (E.D. La. Jan. 7, 2013)).
[25] *Id.*
[26] *Id.* at *3.
[27] *See* Doc. 29-2 at 3–4.
[28] Doc. 29-3 at 3–4.
[29] *See Foret*, 2014 WL 4539090, at *4.
[30] Doc. 34 at 5.
[31] Doc. 29-2 at 12–13.

Plaintiff emphasizes that he passed a physical test for an employer in June 2017. He avers that he "disclosed information about his medical history" to this employer and was hired for the job after doing so.[32] He attaches a one-page document called a "Medical Determination" that declares him "Fit for Duty."[33] He argues that because he was declared fit for duty at that time, he believed he did not need to disclose his medical history to Defendants in January 2018. The evidence Plaintiff highlights, however, is insufficient to create an issue of fact on whether Plaintiff should have known in January 2018 that Defendants "would have considered [his past injuries] a matter of importance."[34] Plaintiff fails to show that he fully disclosed his medical history to the employer in June 2017. He points to deposition testimony in which he says that "to the best of [his] knowledge," he was truthful about his medical condition and history" with this prior employer.[35] The Court is dubious of this assertion.[36] Nonetheless, Plaintiff saw Dr. Santos Ruiz Cordero about his back pain as late as September 2017 and November 2017.[37]

Further, as the Court previously noted, a finding of subjective intent is not required. Regardless of what Plaintiff believed based on a prior disclosure to a different employer, he should have known that in January 2018 that Defendants would have been interested in the same kind of information. He had even more reason to know in March 2018 when he visited Dr. Cordero again.[38] This was only three months before Plaintiff was mobilized for his first

---

[32] Doc. 34 at 5.
[33] Doc. 34-3.
[34] *McCorpen*, 396 F.2d at 548.
[35] Doc. 34-2 at 3.
[36] Elsewhere in his deposition, Plaintiff stated that had Defendants asked for his medical history, he "probably would have told them." Doc. 29-2 at 12.
[37] Doc. 29-7 at 3, 6.
[38] *Id.* at 1.

6

assignment.[39] In his notes from the visit, Dr. Cordero wrote that Plaintiff reported muscle spasms on occasion and needed medicine for his cervicalgia and lumbago.[40] Overall, the records show that Plaintiff's neck and back pain was ongoing and that it warranted disclosure to Defendants.

### (2) Materiality

For the *McCorpen* defense to apply, the concealed or nondisclosed facts of a plaintiff's medical history must be material to the defendant's decision to hire the plaintiff.[41] The Fifth Circuit has held that a plaintiff's "history of back injuries is the exact type of information sought by employers."[42] This Court has held that neck injuries are material as well.[43]

The record shows that Plaintiff Parchmont had a significant history of neck and back injuries. Further, Defendants provide the Court with a declaration from Anthony Hanley, the employee who made the decision to hire Plaintiff to work for Defendants.[44] He states that "[d]ue to the physical nature of the job, Parchmont would not have been hired without a medical release had CLS known of his history of pre-existing back and neck injuries."[45] Plaintiff argues that because Defendants did not inquire into his medical history, this information must not have been material to their decision to hire him.[46] This

---

[39] *See* Doc. 29-4.
[40] *Id.*
[41] *See Brown*, 410 F.3d at 171.
[42] *Id.* at 174. *See also* Jauch v. Nautical Servs., Inc., 470 F.3d, 207, 212–13 (5th Cir. 2006) ("Past instances of back injury, some severe enough to require extensive treatment, are certainly facts material to [a defendant's] decision to hire [a plaintiff].").
[43] *Foret*, 2014 WL 4539090, at *5 ("Plaintiff's pre-existing injuries to his back and neck are clearly extreme and extensive, and it is apparent that the concealment of facts regarding these injuries was material to Defendant's decision to hire Plaintiff."); Parker v. Jackup Boat Serv., LLC, 542 F. Supp. 2d 481, 494 (E.D. La. 2008) ("Parker's prior neck injury is the exact type of information sought by an employer like Trinity.").
[44] Doc. 29-4.
[45] *Id.* at 2.
[46] Doc. 34 at 8.

Court, however, has specifically rejected this argument.[47] Accordingly, this Court finds that the "materiality" prong is met.[48]

### (3) Connection Between Injuries

Finally, Defendants must show a connection between the non-disclosed injuries and the injuries complained of here. "To establish this connection, it is sufficient to show that the previous injury and the new injury occurred in the same location on the body."[49] Indeed, Plaintiff Parchmont does not dispute this factor, and the Court finds that it is satisfied, given that Plaintiff's prior injuries and his current injuries concern his neck and his back.

Because Defendants have satisfied the three elements of the *McCorpen* defense, this Court holds that Defendants are entitled to summary judgment on Plaintiff's maintenance and cure claims.

## CONCLUSION

For the foregoing reasons, Defendants' Joint Motion for Partial Summary Judgment Regarding Plaintiff's Claim for Maintenance and Cure (Doc. 29) is **GRANTED**. Plaintiff's claim against Defendants for maintenance and cure is **DISMISSED WITH PREJUDICE**.

---

[47] *Foret*, 2014 4539090, at *5 ("This court has held that a plaintiff's past medical history is material to an employment decision even when no medical evaluation is required of the plaintiff and even when the plaintiff is not required to answer questions about his physical condition or history.") (citing *Kathryn Rae Towing*, 2013 WL 85210, at *4).

[48] The Court rejects Plaintiff's attempt to rely on *Luwisch v. American Marine Corp.*, CIVIL ACTION NO. 17-3241, 2018 WL 3111931 (E.D. La. June 25, 2018). As Plaintiff notes, the *Luwisch* court rejected a company's declaration that stated that the plaintiff would not have been hired had he disclosed his medical history. *Id.* at *1. In that case, however, the company had sent the plaintiff a hiring packet that included a health questionnaire. *Id.* at *2. The questionnaire asked about prior injuries. *Id.* The plaintiff completed only the first few pages of the packet and returned it to the employer without the health questionnaire. *Id.* The company then hired the plaintiff anyway. *Id.* Denying summary judgment, the court "[found] it significant that AMC hired Luwisch without having obtained the complete packet." *Id.* The *Luwisch* case, therefore, is easily distinguishable from the instant case.

[49] Smith v. Diamond Servs. Corp., 133 F. Supp. 3d 846, 851 (E.D. La. 2015).

8

New Orleans, Louisiana this 24th day of June, 2020.

_____
 **JANE TRICHE MILAZZO**
 **UNITED STATES DISTRICT JUDGE**